U.S. DISTRICT COURT
FILED AT WHEELING, WV
APR 2 5 2005
NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

JEFFREY A. JOHNSON,
Plaintiff

v.

WHEELING PITTSBURGH STEEL CORP.,
Defendant

CA  5:05-CV-55

For his Complaint against the Defendant the Plaintiff states as follows:

### TITLE VII OF THE CIVIL RIGHTS ACT CLAIMS

1. The Plaintiff is a resident of Wheeling, W.Va.

2. The Defendant is a corporation headquartered in Wheeling, W.Va.

3. The Defendant employees more than 15 individuals.

4. The Plaintiff is employed by the Defendant.

5. The Plaintiff is African-American and has been discriminated against by his employer based on his race in violation of Title VII of the Civil Rights Act of 1964.

6 Plaintiff is a member of a protected class under Title VII. and this suit is brought under under 42.USCS Section 2000e, et.seq. as amended by Section 102 of the Civil Rights Act of 1991, creating the right to recover damages and have a jury trial.

7. The EEOC issued a right to sue letter indicating suit under Title VII must be filed within 90 after Feb. 1, 2005, which Plaintiff has done.

8. This Honorable Court has both personal and subject matter jurisdiction im this case..

9.. Plaintiff has been subjected to racial and religious discrimination in violation of Title VII of the Federal Civil Rights Act contained in 42 U.S.C.Sec.2000e, et. seq. by the Defendant and its supervisory employees. There has been ongoing discrimination with increasing discriminatory acts last year.

10. Plaintiff has been qualified for positions both in terms of seniority and qualifications and has been denied those positions because of his race and the positions were instead awarded to white employees (non-protected class employees) with less seniority and /or qualifications.

11. The Defendant also posted positions as requiring weekend work, knowing Plaintiff, though having seniority and qualified, would not bid due to religious duties. The Defendant then awarded the positions to less senior, qualified white employees and the stated weekend requirement was not in fact required.

12.. Prior to these acts of discrimination, Plaintiff had complained of racially offensive comments and was retaliated against in further violation of the anti-discrimination provisions of TitleVII. This constitutes retaliation for complaining about a protected activity.

13. Plaintiff was injured and released back to work on light duty only. The Defendant ignored the physician restrictions and required Plaintiff to perform heavy duty work, As a result Plaintiff reinjured himself and was off work for a period beginning May, 2004. The Defendants actions of requiring heavy work was retaliatory and discriminatory

under Title VII..

14. Prior to the above discriminatory actions the Defendant had subjected the Plaintiff to racially offensive comments,which also constitutes racial discrimination under Title VII.

15.. The Defendant further violated Title VII by engaging in religious discrimination by not attempting to accomodate the Plaintiff's weekend religious observations and duties and discriminating against him on the basis of religion by discouraging him from bidding on jobs because of apparent weekend obligations when,in reality, the non-protected class members who were awarded the jobs were not required to meet the represented weekend requirement.Plaintiff had the required seniority and qualifications for these jobs.

16.. .Plaintiff has been denied these employment opportunities by the Defendant because of his race and religion.

17. Race and religion were the motivating factors in the adverse employment decisions made by the Defendant; any offered explanation would be pretextual.

18..As a proximate result of the Defendant's dicriminatory above actions.in violation of Title VII Plaintiff has sustained lost wages,emotional distress, annoyance and embarrassment.

19. Defendants discriminatory actions were done with reckless indifference,maliciously and intentionally. Consequently, Plaintiff seeks an award of punitive damages against the Defendant to punish it and deter it and others from such future conduct.

Wherefore, Plaintiff seeks compensatory damages and punitive damages in the amount of $300,000.00, as well as attorney fees and any other relief this Honorable Court deems proper..

PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully submitted,

Daniel Tomassetti, Esq.
2108 Lumber Ave. Suite 7
Wheeling, W.Va. 26003
COUNSEL TO PLAINTIFF, JEFFREY A. JOHNSON